UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of COUNTRY BANK, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 4:13-cv-04073-SLD-JEH |
| v. | ) ) ) | |
| GERALD LEE, | ) ) | |
| Defendant. | ) ) | |

ORDER

Before the Court is Plaintiff Federal Deposit Insurance Corporation's ("the FDIC's") Motion for Entry of Judgment, ECF No. 9. For the following reasons, the motion is DENIED. Furthermore, Attorney Richards, counsel of record for the FDIC, is ORDERED to show why the Motion for Entry of Judgment does not violate Federal Rule of Civil Procedure 11(b)(2), as explained herein.

The FDIC originally sued Gerald Lee on August 26, 2013, to collect on $2 million in loans. Compl. ¶ 1, ECF No. 1. Eventually, the parties entered into a settlement and stipulated to the dismissal of the suit with prejudice. Stip., ECF No. 8. The Court recognized this dismissal in an Order on November 24, 2014. Now, nearly a year and a half after the last docket activity, the FDIC seeks a judgment in its favor in the amount of $2,500,000, arguing that Lee has breached the terms of the settlement agreement he entered into with the FDIC. Mot. Judgment 1–3.

As an initial matter, the FDIC is reminded that "[e]very motion raising a question of law . . . must include a memorandum of law including a brief statement of the specific points or

1

propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed." CDIL L. R. 7.1(B)(1). The FDIC's motion does not cite any case law, and does not contain an accompanying memorandum laying out the legal authority upon which the FDIC relies in asking the Court to enter judgment. Perhaps the FDIC does not think that its motion raises a question of law, and thus does not need to conform to Rule 7.1(B)(1). But if it thinks so, it is mistaken, as amply shown by Lee's Response, ECF No. 10, which relies on the Supreme Court and Seventh Circuit precedent discussed below.

The FDIC claims that its settlement agreement with Lee, Mot. Judgment Ex. A, ECF No. 9-1, required Lee to pay $2 million over the course of two years, and that Lee failed to make an installment payment toward this amount at the time he had promised. Mot. Judgment ¶ 4. The FDIC claims judgment should enter against Lee because the settlement agreement provides that "[u]pon the occurrence of an Event of Default . . . [the FDIC] shall be entitled to . . . submit a non-dischargeable stipulated judgment in favor of [itself] itself and against Lee . . . which Lee hereby consents and agrees shall be entered by the U.S. District Court for the Central District of Illinois." Settlement Agreement § 5.1.

This court lacks jurisdiction over the parties' contract dispute. Although the parties' stipulation of dismissal did not explicitly invoke a Federal Rule of Civil Procedure, the dismissal was pursuant to Rule 41(a)(1)(A)(ii), which provides that a plaintiff may dismiss his case without the Court's order by submitting an agreement to do so signed by all parties who have appeared. Ordinarily such dismissals are dismissals without prejudice; however, if the stipulation "states otherwise," as this one did, the dismissal may be with prejudice. Fed. R. Civ. P. 41(a)(1)(B).

When a case is dismissed with prejudice by the parties, the court has no jurisdiction to supervise subsequent disputes between the parties about the terms of any settlement agreement they may have entered into in order to dismiss the case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) ("Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation."). When a case is dismissed with prejudice, such a settlement agreement must be enforced in the same fashion as any other contract; the fact that a court once had jurisdiction over a dispute that may have induced the parties to sign that contract is of no moment. *See Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) ("A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has *not* been dismissed with prejudice), is enforced just like any other contract.").

This case is admittedly different from *SamataMason* in one regard. There, a subsequent suit to enforce the settlement agreement would have had to be brought in state court. *See id.* Here, any follow-on suit by the FDIC would presumably arise under the laws of the United States, and be properly brought in federal court. *See* 12 U.S.C. § 1819(b)(2)(A) ("[A]ll suits of a civil nature at common law or in equity to which the [Federal Deposit Insurance] Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States."). However, the potential appropriateness of federal jurisdiction over a new lawsuit does not absolve the FDIC of the most basic compliance with Rule 8, should it seek to bring such a suit. *See* Fed. R. Civ. P. 8(a) (explaining that pleadings must contain a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, and a description of the relief sought).

It does not matter that the contract the FDIC submitted with its motion appears to indicate that Lee "consents and agrees" to this Court's entry of judgment against him.  Settlement Agreement § 5.1.  "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen*, 511 U.S. at 377.  Parties cannot invoke federal court jurisdiction merely because they wish it, and cannot direct a federal court to enter judgments for or against them.  *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986) ("When . . . Article III limitations are at issue, notions of consent and waiver cannot be dispositive because the [jurisdictional] limitations serve institutional interests that the parties cannot be expected to protect.").

The Court notes that the FDIC requests a judgment that includes not only the amount for which the FDIC sued in the underlying case, but certain unpaid monies in a related case, to which the FDIC refers only as "the Fyre Lake Lawsuit," Mot. Judgment 2, without providing any more information about the case than its docket number, or making, much less supporting, any claims for relief it may have in connection with the case.  This is, of course, a consequence of the FDIC's attempt to compress a new breach of contract claim into a motion in a long-closed case.  The motion lacks the statement of the facts that would be necessary to support the breach claim were it brought properly as a new claim for relief pursuant to Rule 8(a).  And the motion, if granted, would deprive Lee of the protections all civil defendants are afforded by the Rules:  the opportunity to answer a complaint, engage in discovery, and mount a defense.  It would be difficult to find a more practical demonstration of why federal courts do not retain jurisdiction to enforce settlement agreements after the parties to a suit have agreed to dismiss that suit with prejudice.

The FDIC's Motion does not comply with the Local Rules for the Central District of Illinois, in that it does not "include a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed."  CDIL L. R. 7.1(B)(1).  Although the FDIC offers no legal support for its request, the remedy it seeks is dramatic—a $2.5 million judgment against Lee.  And as explained above, the motion is without merit for basic and readily ascertainable jurisdictional reasons.  By presenting written motions to the Court, attorneys certify that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims and legal contentions contained in the motion are warranted by existing law.  Fed. R. Civ. P. 11(b)(2).  Counsel for the FDIC, Attorney Richards, whose signature is appended to the Motion for Entry of Judgment, is hereby directed to show cause, within 21 days of the issuance of this Order, why the Motion is not in violation of Rule 11(b).  Fed. R. Civ. P. 11(c)(3).

Accordingly, the FDIC's motion, ECF No. 9, is DENIED.  Attorney Richards is ORDERED to show cause why the FDIC's motion is not in violation of Federal Rule of Civil Procedure 11(b), as explained herein.  He must do so by May 27, 2016.

Entered this 6th day of May, 2016.

                                                    s/ Sara Darrow
                                                    SARA DARROW
                                        UNITED STATES DISTRICT JUDGE